IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-00126-01/02-CR-W-BP |
| ) | |
| RODTE TAYLOR, and ) | |
| DADRIAN TATE, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is currently before the Court on defendant Taylor's Motion to Suppress (Doc. #47) and defendant Tate's Motion to Suppress (Doc. #46). For the reasons set forth below, it is recommended that these motions be denied.

I. INTRODUCTION

On April 18, 2017, the Grand Jury returned a five-count Indictment against defendants Rodte Taylor and Dadrian Tate. Count One of the Indictment charges both defendants with conspiracy to commit Hobbs Act robbery. Count Two charges that both defendants, aiding and abetting each other, committed Hobbs Act robbery. Count Three charges defendant Tate with brandishing a firearm during and in relation to a crime of violence, that is the conspiracy to commit Hobbs Act robbery charged in Count One and the Hobbs Act robbery charged in Count Two. Count Four charges defendant Tate with attempted Hobbs Act robbery. Count Five charges defendant Tate with possession of a firearm during and in relation to a crime of violence, that is the attempted Hobbs Act robbery charged in Count Four.

On December 19, 2018, a hearing was held on defendants' motions to suppress. Defendant Taylor was represented by Assistant Federal Public Defender Robert Kuchar. Defendant Tate was represented by appointed counsel Brady Wimer. The Government was represented by Assistant United States Attorney Michael Green. The parties presented argument to the Court. No witnesses were called to testify.

## II.  STATEMENT OF FACTS

The parties do not dispute that the government filed two Applications seeking orders directing the disclosure of telecommunication records (one for telephone number 816-915-0361 and one for telephone number 816-885-0380) pursuant to 18 U.S.C. § 2703(c) and (d). (Tr. at 3-4; Gov. Exhs. 1, 3.) The Applications state that telephone number 816-915-0361 was used by defendant Tate (Gov. Ex. 1) and that telephone number 816-885-0380 was used by defendant Taylor (Gov. Exh. 3). The Honorable Sarah W. Hays entered two Orders (one for defendant Taylor's telephone number and one for defendant Tate's telephone number) on February 17, 2017. (Gov. Exhs. 2, 4.) The Order relating to defendant Tate's telephone number provided in part:

> Upon review of the application, the Court finds, pursuant to 18 U.S.C. § 2703, that the Government has offered specific and articulable facts showing that there are reasonable grounds to believe that the information sought under section 2703(c) and (d) is relevant and material to an ongoing criminal investigation being conducted by ATF and KCPD into possible violations of 18 U.S.C. § 1951 by Rodte TAYLOR and Dadrian T. TATE, and others.
>
> IT IS ORDERED, pursuant to 18 U.S.C. §§ 2703(c) and 2703(d), T-Mobile d/b/a Metro PCS, and any person or entity providing wire or electronic communication service in the United States whose assistance may facilitate this order, or their employees or agents, forthwith disclose to the ATF and KCPD: (1) subscriber name and address; (2) local and long distance telephone connection records (sometimes also known as "toll records" or "call detail records") for the period January 1, 2017 to February 17, 2017; (3) length of service (including start date) and types of service utilized; (4) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address;

2

and (5) all cell sites used by the above-mentioned telephone, including corresponding antenna information; configuration (omni directional or sectorized, sector orientation) control channels used; and address and longitude/latitude of antennas for the period January 1, 2017 to February 17, 2017;

IT IS FURTHER ORDERED the information disclosed by T-Mobile d/b/a Metro PCS be limited to records of geographical information or other subscriber record under 18 U.S.C. 2703(c), and expressly excludes the contents of any wire or electronic communication;

(Gov. Exh. 2.) The Order relating to defendant Taylor's telephone number contains identical language with one exception, it references Sprint, rather than T-Mobile d/b/a Metro PCS. (Gov. Exh. 4.)

Following the issuance of the Orders, law enforcement obtained historical cell site location information for defendants' telephone numbers for the time period of January 1 to February 17, 2017. (Tate Mot. to Suppress at 3; Doc. #46; Taylor Mot. to Suppress at 3; Doc. #47.) This information was used to place defendants in the vicinity of the robberies and attempted robberies set out in the Indictment. (Taylor Mot. to Suppress at 3-4; Doc. #47.)

### III. DISCUSSION

Defendants Taylor and Tate argue that the government obtained the cell site location information ("CSLI") in violation of the Fourth Amendment and, therefore, seek to suppress the CSLI data and any other evidence obtained as a result of the violation. Defendants argue (and the government concedes) that the Supreme Court's decision in *Carpenter v. United States*, 585 U.S. __, 138 S.Ct. 2206 (2018), issued on June 22, 2018, now requires a search warrant supported by probable cause to obtain this type of historical cellular phone information.

The *Carpenter* case confronted the question of "how to apply the Fourth Amendment to a new phenomenon: the ability to chronicle a person's past movements through the record of his

cell phone signals" and held that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through CSLI."  138 S.Ct. at 2216-17.  The Court went on to find that the "acquisition of cell-site records [is] a search within the meaning of the Fourth Amendment" and that "the Government must generally obtain a warrant supported by probable cause before acquiring such records."  *Id.* at 2220-21.  In *Carpenter*, the government had obtained the CSLI in the same manner the government utilized to obtain the CSLI for defendants Taylor and Tate.   The majority found:

> The Government acquired the cell-site records pursuant to a court order issued under the Stored Communications Act [SCA], which required the Government to show "reasonable grounds" for believing that the records were "relevant and material to an ongoing investigation."  18 U.S.C. § 2703(d).  That showing falls well short of the probable cause required for a warrant. … Consequently, an order issued under Section 2703(d) of the Act is not a permissible mechanism for accessing historical cell-site records.  Before compelling a wireless carrier to turn over a subscriber's CSLI, the Government's obligation is a familiar one—get a warrant.

*Id.* at 2221.

While the *Carpenter* case found that an SCA order is an insufficient means to obtain CSLI, it did not speak as to what should happen when a court is confronted with a CSLI that was obtained pursuant to an SCA order issued prior to the *Carpenter* decision.  *See United States v. Curtis*, 901 F.3d 846, 848 (7th Cir. 2018).  The *Curtis* court found that "evidence obtained in good-faith reliance on a statute later declared unconstitutional need not be excluded."  *Id.*  Other courts confronted with this issue have, likewise, found that CSLI need not be excluded when it was obtained in good faith prior to the decision in *Carpenter*.  *See United States v. Zodhiates*, 901 F.3d 137, 143-44 (2d Cir. 2018); *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018); *United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018), *cert. denied*, 139 S.Ct. 278 (2018); United

4

*States v. Reed*, No. 18-cr-15 (JNE/DTS), 2018 WL 5269991, at *1-2 (D. Minn. Oct. 23, 2018); *United States v. Remus*, No. 4:17CR3125, 2018 WL 4976725, at *3 (D. Neb. Sept. 27, 2018); *United States v. Williams*, No. 2:17-cr-20758-VAR-DRG, 2018 WL 3659585, at *3 (E.D. Mich. Aug. 2, 2018). Counsel for defendant Tate conceded at the hearing that "every pending *Carpenter* case that's been decided so far that we can find by every court has been … rejected on behalf of the good-faith doctrine." (Tr. at 14.) Counsel stated further, "I have no case law to support me." (Tr. at 18.)

There has been no indication that the government did not act in good faith in obtaining the CSLI for defendants' phones. In fact, counsel for defendant Tate stated, "And I don't necessarily believe that the Government acted in bad faith.… [W]e've all stipulated they were following the law at the time, you know, it was in place under the Stored Communications Act." (Tr. at 13.) In the case before this Court, as in the *Curtis* case, "even though it is now established that the Fourth Amendment requires a warrant for the type of cell-phone data present here, exclusion of that information was not required because it was collected in good faith." *United States v. Curtis*, 901 F3.d 846, 849 (7th Cir. 2018).

## IV. <u>CONCLUSION</u>

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Tate's Motion to Suppress (Doc. #46) and defendant Taylor's Motion to Suppress (Doc. #47).

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on

appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

>  */s/ Lajuana M. Counts*
> Lajuana M. Counts
> United States Magistrate Judge