# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 17-00126-CR-W-BP |
| ) | |
| RODTE TAYLOR, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTIONS TO SUPPRESS

Pending are Defendants' motions to suppress evidence. (Docs. 46, 47.) On January 2, 2019, the Honorable Lajuana M. Counts, Magistrate Judge for this District, issued a Report and Recommendation that the motions be denied. (Doc. 63.) On de novo review, the Court adopts Judge Counts' Report and Recommendation in its entirety. The motions to suppress are **DENIED**.

## I. BACKGROUND

In January 2017, a Pour Boys convenience store in North Kansas City was robbed. During the investigation, government investigators filed two applications seeking orders directing disclosure of Defendants' cell site location information ("CSLI") pursuant to the Stored Communications Act ("SCA"). Under the SCA, these applications were granted upon a showing of "reasonable grounds" for believing that the records were relevant and material to an ongoing investigation. *See* 18 U.S.C. § 2703(d). On February 17, 2017, the Honorable Sarah W. Hays ordered that Defendants' CSLI be disclosed to the government.

On April 18, 2017, Defendant Rodte Taylor was indicted on one count of Hobbs Act Conspiracy and one count of Aiding and Abetting Hobbs Act Robbery. (Doc. 1.) Defendant Dadrian Tate was indicted on one count of Hobbs Act Conspiracy, one count of Aiding and

Abetting Hobbs Act Robbery, one count of Possession/Use of a Firearm in Furtherance of a Crime of Violence, and one count of Attempted Hobbs Act Robbery. (Doc. 1.)

On June 22, 2018, the Supreme Court decided *Carpenter v. United States*, 585 U.S. __, 138 S.Ct. 2206 (2018), which held that telephone information such as CSLI can only be obtained pursuant to a warrant or an exception to the warrant requirement. Subsequently, both Defendants filed motions to suppress the CSLI based on *Carpenter*. The Report recommends denying Defendants' motions rely on the "good faith" exception to the exclusionary rule. In their objections to the Report and Recommendation, Defendants argue that the good faith exception does not apply and that without a warrant, the CSLI must be excluded. For the following reasons, the Court adopts Judge Counts' Report and Recommendation and **DENIES** the motion to suppress the CSLI.

## II. DISCUSSION

The Court adopts Judge Counts' recommendation in its entirety; this Discussion is meant only to augment her legal analysis. The exclusionary rule precludes the use of unconstitutionally obtained evidence at trial. *See Davis v. United States*, 564 U.S. 229, 236 (2011). But, the exclusionary rule permits "the introduction of evidence obtained in the reasonable good-faith belief that a search or seizure was in accord with the Fourth Amendment." *U.S. v. Leon*, 468 U.S. 897 (1984). As relates to this case, the exclusionary rule applies when officers reasonably rely on a statute that is subsequently invalidated. *See Illinois v. Krull*, 480 U.S. 340, 349–50 (1987).

Defendants argue that the good faith exception to the exclusionary rule is inapplicable. The Court disagrees. The investigators complied with the SCA in obtaining the orders for CSLI, and even though the investigators did so without a warrant, the investigators (and Judge Hays) had a reasonable belief that a warrant was not required to obtain such information. The fact that the SCA was later invalidated in *Carpenter* does not automatically trigger the exclusionary rule. Other

circuits and district courts have confronted this same issue.  Those courts have unanimously held that the good-faith exception to the exclusionary rule applies where CSLI was obtained pursuant to the SCA before the *Carpenter* decision.  *See See United States v. Zodhiates*, 901 F.3d 137, 143–44 (2d Cir. 2018); *United States v. Joyner*, 899 F.3d 1199, 1205–06 (11th Cir. 2018); *United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018), *cert. denied*, 139 S.Ct. 278 (2018); *United States v. Reed*, No. 18-cr-15 (JNE/DTS), 2018 WL 5269991, at *1–2 (D. Minn. Oct. 23, 2018); *United States v. Remus*, No. 4:17CR3125, 2018 WL 4976725, at *3 (D. Neb. Sept. 27, 2018); *United States v. Williams*, No. 2:17-cr-20758-VAR-DRG, 2018 WL 3659585, at *3 (E.D. Mich. Aug. 2, 2018).

Tate also argues that "*Carpenter* is not new law, but a rejection of the expansion of the third-party doctrine in *United States v. Miller*[,] 425 U.S. 435 (1976) and *Smith v. Maryland*, 442 U.S. 735 (1979)."  (Doc. 66, p. 2.)  Thus, Tate argues, the good-faith exception does not apply because the investigators *unreasonably* relied on the SCA because obtaining CSLI has always been unconstitutional.  The Court disagrees.  At that time, the SCA permitted the warrantless disclosure of CSLI held by third parties.  18 U.S.C. § 2703 (d).  The investigators complied with the SCA in obtaining the orders for CSLI and did so under the reasonable belief that a warrant was not required.  No clearly established law or judicial precedent required a search warrant to obtain the CSLI.  Further, Defendants present no evidence that the investigators' reliance on the statute was objectively unreasonable.  Thus, the Court finds that the investigators' reliance on Judge Hays' orders issued pursuant to the SCA was reasonable even though the SCA was later invalidated by *Carpenter*.

## III. CONCLUSION

For these reasons, the Court adopts Judge Counts' Report and Recommendation and **DENIES** Defendants' motions to suppress. (Docs. 46, 47.)

**IT IS SO ORDERED.**

                                              /s/ Beth Phillips
                                              BETH PHILLIPS, CHIEF JUDGE
DATE: January 28, 2019                    UNITED STATES DISTRICT COURT